## CULMER v. CANBY et al.

### (Circuit Court of Appeals, Sixth Circuit. May 8, 1900.)

### No. 768.

1. **LIBEL—PLEADING—INNUENDOES—SUFFICIENCY OF COMPLAINT—DEMURRER.**
   If the publication complained of in an action for libel, giving to the language its ordinary and usual meaning, is actionable without averment of special damage, the petition will not be demurrable on the ground that it does not state a cause of action, because of innuendoes that attribute a meaning to words which they will not bear.

2. **SAME—WORDS INCAPABLE OF DEFAMATORY CONSTRUCTION.**
   A demurrer to a petition in an action for libel can only be sustained where the court can affirmatively say that the publication complained of is incapable of any reasonable construction which will render the words defamatory.

3. **SAME—ACTIONABLE WORDS.**
   Published words are actionable when they impute to another any act, the tendency of which is to disgrace him or to deprive him of the confidence and good will of society, or lessen its esteem for him.

4. **SAME—PETITION HELD GOOD ON DEMURRER—QUESTION FOR JURY.**
   A petition for libel, which sets forth a publication by defendant, charging plaintiff with making fraudulent representations in the sale of certain patents, for which defendant has commenced an action for $10,000 damages, and also with carrying away certain personal property belonging to defendant, and using same in the manufacture of an article against the patent rights of defendant, presents a case for the jury, as to its application and meaning, under proper instructions as to what constitutes a libelous publication, and is not, therefore, subject to demurrer on the ground that the petition does not state a cause of action.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

William C. Herron, for plaintiff in error.

Before LURTON and DAY, Circuit Judges, and CLARK, District Judge.

DAY, Circuit Judge. This case presents a single question, namely, the correctness of the ruling of the court below upon a general demurrer to the petition undertaking to recover for an alleged libel. The petition is quite voluminous,—more so than is required under the Ohio practice which prevails on the law side of the federal courts. Under section 5093, Rev. St. Ohio, it is sufficient to state in an action for libel that the defamatory matter was published of the plaintiff. In the petition a part of the alleged libel is set up, with accompanying innuendoes, and a copy in full of the alleged libelous matter is at-

tached as an exhibit to the petition. After the demurrer was 'filed, but before it was passed upon, it was stipulated that the entire article should be regarded as a part of the petition. In view of this stipulation, we regard the petition as counting upon an alleged libel published of and concerning plaintiff, as set forth in said publication; and the question presented is, should a general demurrer to the petition be sustained? The alleged libel is as follows:

### "Important Lawsuits.

"Suit was filed in the United States court at Pittsburg, Pa., on August 6th, by the undersigned, the Computing Scale Company of Dayton, Ohio, against the Keystone Store-Service Company of Beaver Falls, Pa., for infringing computing scale patents owned or controlled by the Dayton company. As the peculiarities of this case, making it one of unusual importance, a short history of the matter may not be amiss: Early in the year 1891 John W. Culmer, now at the head'of the Keystone Store-Service Company. as general manager, sold to the Dayton company certain patents on a computing scale wholly different from anything in that line that is now made; making certain representations, which the Dayton company now claim to be fraudulent. At the time, the Dayton company employed this Jno. W. Culmer, as an inventor, to take charge of its experimental department and other matters in its factory. On account of the above alleged fraudulent representations, and the inability of the said John W. Culmer to perform certain things claimed by him, the Dayton company filed suit March last against the said Jno. W. Culmer and others associated with him for $10,000 damages on account of such alleged fraudulent representations. Furthermore, after a little more than a year's service. the Dayton company dispensed with the services of the said Culmer, about which time the said John W. Culmer carried from the office of the Dayton company certain drawings of a computing scale practically the'same as the scale now made by the Keystone Store-Service Company, and for the manufacture of which suit was brought on the 6th inst. for infringement. In view of the above facts the Dayton company claims ownership in and to the scale made by the Keystone Store-Service Company, and, as heretofore stated, will protect its interests by asking the courts to compel the said Jno. W. Culmer and the Keystone Store-Service Company to assign all of their right and title to such patent or patents when issued.

"The Computing Scale Company,
"O. O. Ozias, Gen. Manager.

"Dayton, Ohio, August 12, 1895.
"P. S.  To merchants 'and dealers using scales this case is of extreme importance, as the courts have held that all persons using infringing machines are liable for damages."

It is unnecessary to determine whether the innuendoes undertaking to set forth the meaning of a part of the publication are justified by the terms of the publication itself. An innuendo can neither enlarge nor restrict the meaning of words beyond their ordinary or usual signification, and upon general demurrer the question is not whether the alleged libel will bear the meaning attributed to it in the innuendoes, but whether the publication, giving to the language its ordinary and usual meaning, is actionable without averment of special damage. The fact that an innuendo attributes a meaning to words which they will not bear is no ground for sustaining a demurrer to the declaration on the ground that it does not constitute a cause of action. The innuendo may be treated as surplusage, and yet the publication be defamatory. Newell, Defam. p. 225; Kraus v. Sentinel Co., 60 Wis. 425, 19 N. W. 384. Before a demurrer can be sustained to a petition counting on an alleged libelous publication, it must appear

that the publication is not reasonably capable of a defamatory meaning, and cannot reasonably be understood in a defamatory sense. If an inspection of the publication convinces the court that no such reasonable construction of the language used could give to it a defamatory sense and meaning, a demurrer should be sustained; otherwise, its meaning and interpretation must be left to the jury, under proper instructions as to what constitutes libel. Twombly v. Monroe, 136 Mass. 464. In Sanderson v. Caldwell, 45 N. Y. 398, it is said:

"If the application or meaning of the words in an alleged libel is ambiguous, or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine, under all the circumstances, whether they were applied to the plaintiff, and in what sense they were used."

We think this is the true rule, and applicable to the present case. See, also, State v. Smily, 37 Ohio St. 34. In the latter case it is said:

"The objection that the innuendo averring the meaning of the language relating to the search was not justified by the language used is not well founded. Where the meaning of the defendant, by the language employed, is equivocal or doubtful, the question whether the publication is libelous or not is one for the jury. So, too, whether the meaning of the defendant, by the language used, was what the innuendo avers it to be, if fairly susceptible of that meaning, is a question of fact, and not of law."

In the late case of Insurance Co. v. Buckner (decided in this court on November 13, 1899) 39 C. C. A. 19, 98 Fed. 222, we had occasion to point out the difference between verbal slander and written defamation, and need not herein repeat the discussion. The authorities there cited, and many others, establish the proposition that there is a broad distinction between the two classes of actions for spoken or written and published words, and that the latter are actionable "when they impute to another any act, the tendency of which is to disgrace him or to deprive him of the confidence and good will of society, or lessen its esteem for him." In the case of Pfitzinger v. Dubs, 12 C. C. A. 399, 64 Fed. 696, the rule is thus stated:

"In the first count, if the words, taken in their usual and ordinary sense, as they should be understood by persons reading them, tend to injure or degrade the plaintiff morally or socially, then they are actionable per se. It is not essential that the words should impute dishonesty or immorality of any special kind or character. If they tend to degrade or dishonor him or injure his character, or hold him up to scorn, contempt, or ridicule, or render him of less esteem in the community, morally or socially, then the words are actionable when printed. Of course, the rule is different in slander or mere spoken words, where it is necessary that some offense known to the law should be imputed."

Accepting these settled rules of decision, and remembering that a demurrer can only be sustained where the court can affirmatively say that the words are incapable of any reasonable construction which will render them defamatory, we are of opinion that the alleged publication in this case, when properly pleaded, is not open to general demurrer, but its application and meaning should be left to the jury, under proper instructions as to what constitutes a libelous publication. We do not think it proper, in view of this conclusion, to undertake to analyze or comment upon the construction and meaning

of the alleged libel in this case. In this view of the case, we think the learned judge who heard the demurrer in the court below erred in sustaining the same, and the judgment will be reversed, and the cause remanded to the circuit court for further proceedings in accordance with this opinion.