### CHANLER v. TOWN TOPICS PUB. CO. et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1908.)

#### No. 202.

LIBEL AND SLANDER—ACTION FOR LIBEL—SUFFICIENCY OF COMPLAINT.

A complaint in an action for libel, which sets out the alleged libelous publication, is not demurrable, although it does not allege special damages, unless the words used are incapable of any reasonable construction which will make them defamatory.

In Error to the Circuit Court of the United States for the Southern District of New York.

W. D. Reed, for plaintiff in error.

Wray & Callaghan (Albert A. Wray, of counsel), for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an action of libel against the owner and the editor of a paper called Town Topics, because of the following publication:

"The sensation of the country 'round about where Amelie Rives-Chanler-Troubetskoi lives in her singularly independent way reached a climax when the interchange of two dispatches was made between Prince Pierre, her present husband, who is somewhere else than at home, and her former husband, John Armstrong Chanler, who is hanging around Charlottesville, Va. The first telegram read: 'Our Amelie is ill—needs money—will you supply it?

Troubetskoi.' The answer came: 'It will be my pleasure—how much?—Chanler.' Gossips say that Mr. Chanler is constantly riding or driving with 'Our Amelie,' and is to be seen sitting on the porches of the Rives mansion; that he makes 'Our Amelie' presents of silver and what-nots, and is continually carrying or sending flowers and cardics to her. Moreover, it is said that, when Prince Pierre is at the house he and Chanler are bon camarades, hunting, fishing, golfing and hobnobbing like two brothers."

No special damages were alleged in the complaint, and the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appeals.

Unless the words are incapable of any reasonable construction which will make them defamatory, the demurrer should have been overruled. Press Pub. Co. v. McDonald, 63 Fed. 238, 11 C. C. A. 155, 26 L. R. A. 53; Culmer v. Canby, 101 Fed. 195, 41 C. C. A. 302. We think that the article could reasonably be construed as holding the plaintiff up to ridicule and contempt.

For this reason the case should be submitted to a jury to determine the meaning of the words used, and the judgment is reversed.